IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOSEPH A. TACELLI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-1070-JWL |
| ) | |
| DAVID G. LUNDBERG and ) | |
| MICHAEL ELZUFON, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

        In this diversity action, plaintiff Joseph Tacelli asserts that defendants David

Lundberg and Michael Elzufon (who are acting pro se) breached an oral promise to pay

plaintiff 15 percent of a real estate investment project in Wichita, Kansas, as

compensation for plaintiff's finding investors for the project.  Plaintiff asserts claims for

breach of contract, misrepresentation, and unjust enrichment.  The matter is presently

before the Court on defendants' motion for summary judgment (Doc. # 18).  For the

reasons set forth below, the Court **grants** the motion, and defendants are awarded

judgment on plaintiff's claims against them.

## I.   Summary Judgment Based on Lack of Timely Opposition

### A.   *Untimeliness of Plaintiff's Response Brief*

Defendants filed their motion for summary judgment on August 1, 2012, and plaintiff's response was therefore due on or before August 22, 2012. *See* D. Kan. Rule 6.1(d)(2) (response to motion for summary judgment must be filed within 21 days). Plaintiff did not file his response, however, until August 27, 2012. Plaintiff did not seek an extension of his deadline; nor did plaintiff state any reason for his untimeliness in his response brief. Even after defendants requested in their reply brief that the untimely response be disregarded, plaintiff did not address the issue, either by seeking leave to file a sur-reply explaining his tardiness or by filing a motion for leave to file the response brief out of time. Plaintiff has thus failed to show good cause or excusable neglect for his failure to comply with the deadline, and therefore he has waived the right to file a response brief. *See* D. Kan. Rule 7.4(b). Accordingly, the Court may decide this motion without considering plaintiff's brief.

### B.   *Summary Judgment Standards*

In the absence of a timely response brief by plaintiff, the Court considers defendants' facts undisputed for purposes of the summary judgment motion. *See* Fed. R. Civ. P. 56(e). The Court then considers whether defendants have shown, based on their own submissions, that summary judgment is appropriate. *See Reed v. Bennett*, 213 F.3d 1190, 1193-95 (10th Cir. 2002) (in the absence of a timely response, the moving party is entitled to summary judgment if its own uncontroverted submissions show that

it is entitled to judgment as a matter of law).

The Court applies the following standards in considering a motion for summary judgment. Summary judgment is appropriate if the moving party demonstrates that there is "no genuine dispute as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In applying this standard, the Court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006). An issue of fact is "genuine" if "the evidence allows a reasonable jury to resolve the issue either way." *Haynes v. Level 3 Communications, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006). A fact is "material" when "it is essential to the proper disposition of the claim." *Id.*

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim. *Id.* (citing *Celotex*, 477 U.S. at 325).

If the movant carries this initial burden, the nonmovant may not simply rest upon the pleadings but must "bring forward specific facts showing a genuine issue for trial as

to those dispositive matters for which he or she carries the burden of proof." *Garrison v. Gambro*, Inc., 428 F.3d 933, 935 (10th Cir. 2005).  To accomplish this, sufficient evidence pertinent to the material issue  "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein."  *Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 675 (10th Cir. 2002).

Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut;" rather, it is an important procedure "designed to secure the just, speedy and inexpensive determination of every action."  *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

C.    *Contract Claim*

The Court concludes that defendants have shown, by their own submissions, that they are entitled to judgment as a matter of law on plaintiff's claim for breach of contract.  In the pretrial order, as the basis for his claim for breach of contract, plaintiff asserts that defendants made an oral promise to him on February 29, 2008, that he would receive a 15 percent interest in the project.  Defendants have presented evidence supporting the following facts:  Defendant Lundberg formed a Kansas limited liability company called Wichita 19, LLC ("Wichita 19"), which acquired real property in Wichita.  Plaintiff and his business partner, Rich Welt, orally agreed in 2006 to raise investment capital for the real estate project, in exchange for payment of $200,000 if $2,000,000 were raised.  Each investor received an interest in Wichita 19, and plaintiff and Mr. Welt paid the funds that they raised to Wichita 19.  By Summer 2007, plaintiff

4

and Mr. Welt had completed their fund-raising and were paid $228,000 for that work. Plaintiff also loaned money to Wichita 19 in exchange for a promissory note.  In February 2008, plaintiff and Mr. Welt proposed a written agreement, with an effective date of August 1, 2006, and a termination date of December 31, 2007, between Providence Ventures, LLC, an entity controlled by plaintiff and Mr. Welt, and Real Development Corporation ("Real Development"), an entity controlled by defendants. Under that written agreement, Providence Real Estate, LLC, a separate entity, would receive "15% equity ownership in the project."  A note attached to the proposed agreement stated that the agreement, "if agreed upon," would be signed by defendants and faxed back to Providence Ventures, LLC.  Defendants did not sign the proposed agreement.

The Court concludes, based on these uncontroverted facts, that defendants are entitled to summary judgment on their contract claim for at least three reasons.  First, defendants' evidence shows that they did not agree in February 2008 to pay plaintiff a 15 percent interest.  Second, by mid-2007 plaintiff and his partner had already completed their work in finding investors for the project, and they were paid for that work in accordance with the 2006 oral agreement.  Thus, any promise by defendants in 2008 of a 15 percent interest for plaintiff would not have been supported by any consideration. Third, defendants' evidence shows that any agreement was reached with an entity controlled by defendants and not with defendants individually; thus, plaintiff has sued the wrong party, as defendants could not be individually liable on a contract executed

by a separate entity (plaintiff has made no alter ego claim).

Accordingly, defendants are entitled to summary judgment on plaintiff's claim for breach of contract.  Moreover, the third reason cited above also supports summary judgment in defendants' favor on plaintiff's claim for unjust enrichment, as defendants individually did not receive the benefit from any work by plaintiff in finding investors. *See, e.g.*, *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 259 Kan. 166, 177 (1996) (elements for a claim of unjust enrichment include a benefit conferred on the defendant); *Elder v. Pacific Bell Tel. Co.*, 205 Cal. App. 4th 841, 857 (Cal. Ct. App. 2012) (same).

     D.    <u>Tort Claim</u>[1]

Because plaintiff suffered the alleged financial harm in California, the state of his residence, the Court applies California law to plaintiff's tort claim.  *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 U.S. 496 (1941) (in diversity action, forum state's choice-of-law rules govern which state's substantive law applies); *Ling v. Jan's Liquors*, 237 Kan. 629, 634-35 (1985) (under Kansas law, tort actions are governed by the law of the state in which the tort occurred, that is, the state in which the wrong was felt); *Doll v. Chicago Title Ins. Co.*, 246 F.R.D. 683, 690 (D. Kan. 2007) (in case involving financial harm, court applies the law of the state of the plaintiff's residence).

---

[1]In his complaint and in the pretrial order, plaintiff asserts separate claims for fraud and for misrepresentation, based on the same alleged promise made as an affirmative representation.  The Court treats these separately-asserted claims as a single claim for fraudulent misrepresentation.

Under California law, the economic loss doctrine bars a tort claim that is identical to the party's asserted contract claim. *See Foster Poultry Farms v. Alkar-Rapidpak-MP Equip., Inc.*, __ F. Supp. 2d __, 2012 WL 1207152, at *5 (E.D. Cal. Apr. 11, 2012) (citing cases). In this case, plaintiff's fraud claim is based on the same alleged promise that forms the basis for his contract claim. He has not sought tort damages separate from those sought as relief for the alleged breach of contract. Accordingly, defendants are entitled to summary judgment on plaintiff's tort claim.[2]

Summary judgment is also appropriate on this claim, as well as on plaintiff's claim of unjust enrichment based on detrimental reliance, because of a lack of reliance by plaintiff on the alleged promise. As established by defendants' evidence, plaintiff completed all work in finding investors well before the date of the alleged promise. Therefore, plaintiff cannot have relied on any 2008 promise of a 15 percent interest.[3]

## II.    Consideration of Plaintiff's Opposition

The Court also concludes that, even if plaintiff's untimely response brief were considered, defendants would nevertheless be entitled to summary judgment on each of

_____

[2]This claim would also be barred under Kansas law for the same reason. *See Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 675-76 (10th Cir. 2007) (applying Kansas law).

[3]Defendants also note that plaintiff filed this suit more than two years after he knew of the alleged fraud in 2008. *See* K.S.A. § 60-513(a)(3) (two-year statute of limitations for fraud claim); *see also Doll*, 246 F.R.D. at 687-88 (court in diversity case applies Kansas statutes of limitation). Defendants did not preserve a statute-of-limitations defense in the pretrial order, however, and they have therefore waived the defense.

plaintiff's claims.  Plaintiff asserts in his response that he does not seek to enforce an oral promise made in 2008; rather, he contends that in 2008 he was merely trying to memorialize and confirm in writing an oral agreement reached in 2006, whereby he would receive a 15 percent interest in the project.  As defendant points out in their reply, however, plaintiff preserved no such claim in the pretrial order, which supersedes the parties' pleadings and governs this action.  *See* Fed. R. Civ. P. 16(d) (pretrial order controls the course of the action unless modified); *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003).  Since the time that defendants raised this issue in their reply, plaintiff has not sought to amend the pretrial order to include a claim based on a contract made in 2006.

Accordingly, plaintiff is left with claims based on a promise made and a contract formed in 2008, as asserted in the pretrial order.  Those claims fail because plaintiff has not provided evidence with his response that defendants made any such promise or agreement in 2008 (plaintiff provides evidence only of a 2006 promise and agreement).  Plaintiff's claims based on a 2008 promise also fail, as explained above, because of a lack of consideration (contract claim) and a lack of reliance (other claims).  Accordingly, even if plaintiff's response brief and evidence were considered, his claims would nonetheless be subject to summary judgment.

### III.   Merits of Plaintiff's Newly-Asserted Claims

Finally, even if the Court considered plaintiff's untimely brief and also allowed

plaintiff to assert new claims based on an alleged oral promise made in 2006, the result would be the same.  For instance, plaintiff's tort claim would still be barred, under the law discussed above, because it is identical to plaintiff's claim for breach of contract.

The Court also concludes that plaintiff's new claim for breach of an alleged 2006 oral contract would fail on its merits.  Plaintiff has at least submitted sufficient evidence that, when viewed in the light most favorable to him, create a question of fact concerning whether in 2006 he was promised a 15 percent interest in the project.  Plaintiff's evidence does not create an issue of fact, however, with respect to whether defendants individually were parties to the alleged oral contract.  Thus, defendants would be entitled to summary judgment on this newly-asserted contract claim by plaintiff.

As noted above, defendants submitted evidence that their entity, Wichita 19, purchased the real estate at issue; that investors received an interest in Wichita 19; that the funds raised by plaintiff were paid to Wichita 19; and that the written contract proposed by plaintiff in 2008, with effective dates encompassing plaintiff's fund-raising efforts, included Real Development as the contracting party.  This evidence supports defendants' argument that any oral agreement made by plaintiff was with either Wichita 19 or Real Development, and not with defendants individually.

The evidence submitted by plaintiff does not controvert defendants' evidence and thus does not create an issue of fact on this question.  To the contrary, plaintiff states in his affidavit that the written contract he proposed in 2008, which included entities as the only parties, was intended by plaintiff to "finalize" or "memorialize" the oral agreement

9

reached in 2006.  Plaintiff states in his affidavit that his experience with this project did not differ from his experience with his other investments with defendants and their entities, but he has not provided documents or other evidence to show whether prior contracts were made with corporate entities or with defendants individually.  The fact that plaintiff was to receive an interest in the "project"—which plaintiff equates with an interest in Wichita 19, the entity that owned the real estate—does not necessarily suggest that the contract would have to have been with defendants individually, as plaintiff's own proposed written contract would have accomplished that by means of a contract with Real Development Corporation.  Plaintiff states that the offer that included an interest in the project first came in a fax from defendant Lundberg.  That fax made clear, however, that Mr. Lundberg was acting on behalf of Mr. Elzufon as well (for instance, by the repeated use of "we"), and it did not indicate that the offer was coming from defendants individually; in fact, the offer noted that "we" had made an agreement to purchase the real estate, and the parties have stipulated that the real estate was owned at all material times by Wichita 19.

Defendants clearly asserted in their motion that they were entitled to summary judgment because any contract was not with defendants individually.  In his response brief, plaintiff very briefly addresses whether he as an individual was a party to the alleged oral contract, but he addresses this issue of defendants' individual liability only in his statement that "the foundation of the agreement was between the defendants individually and the plaintiff individually."  That statement, as it pertains to defendants,

10

lacks evidentiary support, however.  Even though defendants raised this issue in their motion, plaintiff provided no evidence—not even by a simple statement in his affidavit—that he contracted not with Wichita 19 or Real Development, but with defendants individually.  In the absence of such evidence, the Court must accept as uncontroverted the evidence that any agreement did not include defendants as parties.  For that reason, even if the Court considered plaintiff's untimely response brief and newly-asserted contract claim, it would award summary judgment to defendants.[4]

Moreover, this same analysis establishes, without controversion, that any service provided by plaintiff was for the benefit not of defendants individually, but of their entities.  Accordingly, for the same reason, defendants would be entitled to summary judgment on a claim for unjust enrichment.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion for summary judgment (Doc. # 18) is **granted**, and defendants are awarded judgment on plaintiff's claims against them.

IT IS SO ORDERED.

Dated this 12th day of October, 2012, in Kansas City, Kansas.

---

[4]In light of this ruling, the Court does not address defendants' arguments that plaintiff individually was not a party to any contract, that plaintiff's contract claim is barred by the statute of limitations, and that plaintiff illegally acted as a securities broker-dealer or a real estate broker under Kansas law.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge